ON MOTION
PER CURIAM.

ORDER

The Secretary of Veterans Affairs moves to waive the requirements of Fed. Cir. R. 27(f) and to dismiss Charlie Jones, Jr.’s appeal from the United States Court of Appeals for Veterans Claims’ judgment in Jones v. Peake, 06-0471, for lack of jurisdiction. Jones opposes.
Jones sought review by the Court of Appeals for Veterans Claims of a Board of Veterans’ Appeals decision providing him with service connection for schizophrenia with an effective date of 1979 rather than 1972. In its decision, the Board determined that an effective date of July 9, 1979 was warranted, finding that the date of receipt of Jones’ original claim for service connection was on this date. The Court of Appeals for Veterans Claims affirmed the Board’s decision, finding that, based on the record, the Board’s decision was not clearly erroneous. Jones appeals to this court.
Under 38 U.S.C. § 7292, this court has limited jurisdiction over appeals from decisions of the Court of Appeals for Veterans Claims. See Forshey v. Principi, 284 F.3d 1335, 1338 (Fed.Cir.2002) (en banc). This court “may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case.” 38 U.S.C. § 7292(d)(2).
In his informal brief, Jones states that his case does not involve the validity or interpretation of a statute, regulation, or a constitutional issue. Jones appears to only argue that the Board erred in reviewing the evidence and finding that the effective date for service connection was July 9, 1979, Because Jones fails to raise an issue within our jurisdiction, we must dismiss this appeal.
Accordingly,
IT IS ORDERED THAT:
(1) The Secretary’s motions are granted. The appeal is dismissed.
(2) Each side shall bear its own costs.